IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,789-01






EX PARTE GABRIEL RIOJAS BERNAL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 03-12-9069-CR IN THE 38TH DISTRICT COURT


FROM MEDINA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to life imprisonment. The Fourth Court of Appeals affirmed his conviction. Bernal v.
State, No. 04-07-00731-CR (Tex. App.-San Antonio 2008, pet. ref'd). 

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance
because he failed to file a timely motion to dismiss on speedy trial grounds and because he advised
Applicant that he would be placed on probation if he pleaded no contest. On October 21, 2009, we
remanded this application for findings of fact and conclusions of law. On remand, after making
findings of fact and conclusions of law, the trial court recommended that we deny relief. We believe,
however, that the record is not sufficient to resolve Applicant's claims. The trial court shall order
Applicant's trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 After reviewing trial counsel's response, the trial court shall make further findings of fact as
to whether the performance of counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall make specific findings as to why counsel
waited forty-eight months before filing a motion to dismiss and whether Applicant wanted to go to
trial on the capital murder charges. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: May 5, 2010

Do not publish